UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

JAMES L. ZUBILLAGA,

Plaintiff,

v.

CHERYL R. BRANSFORD, individually and as Trustee under the CHERYL R. BRANSFORD TRUST, dated November 7, 2014,

Defendants.

Case No. 3:22-cv-00216-AKB

**MEMORANDUM DECISION AND ORDER RE MOTION FOR ATTORNEY FEES**

Before the Court is Plaintiff James L. Zubillaga's Motion and Claim for Attorney Fees and Costs (Dkt. 49). The Court finds oral argument would not significantly aid its decision-making process and decides the motion on the parties' briefing. Dist. Idaho Loc. Civ. R. 7.1(d)(1)(B); *see also* Fed. R. Civ. P. 78(b) ("By rule or order, the court may provide for submitting and determining motions on briefs, without oral hearings."). For the reasons discussed, the Court grants in part and denies in part Zubillaga's motion and awards Zubillaga attorney fees in the amount of $88,878.00.

## I. BACKGROUND

The Court previously detailed the factual background of this case in *Zubillaga v. Bransford*, No. 3:22-CV-00216-AKB, 2023 WL 8529775, at *1 (D. Idaho Dec. 8, 2023). In August 2013, Zubillaga purchased approximately 1,000 acres of undeveloped real property in Idaho County from Defendant Cheryl Bransford. As part of this transaction, the parties executed a Deed of First Right of Refusal ("FROR") related to 675 acres owned by Bransford and adjacent to the 1,000 acres Zubillaga purchased from her. (Dkt. 22-1 at Ex. A). Years later, a third-party signed a Real Estate Purchase and Sale Agreement ("third-party offer"), offering to purchase the 675 acres from

Bransford. (*Id.* at Ex. H, p. 53). Following the third-party offer, Zubillaga had sixty days to decide whether to exercise his first right of refusal, and Zubillaga ultimately decided to purchase the property. (*Id.* at pp. 46-47; Dkt. 22 at ¶ 15). After Bransford learned of Zubillaga's intent to exercise the FROR, however, she attempted to revoke her acceptance of the third-party offer and removed the property from the market. (Dkt. 22-1 at Ex. L).

Zubillaga objected to Bransford's decision not to sell the property and filed suit for specific performance of the FROR. After discovery, the parties filed cross-motions for summary judgment. This Court granted Plaintiff's motion for summary judgement, awarding Zubillaga specific performance. (Dkt. 47). Zubillaga has now filed a Motion for Attorney Fees and Costs (Dkt. 49), seeking an award of $100,651.50 in attorney fees and $2,987.26 in costs.[1]

## II. LEGAL STANDARD

An award of attorney fees is governed by state law in diversity actions brought in federal courts. *Klopfenstein v. Pargeter*, 597 F.2d 150, 152 (9th Cir. 1979); *Yellowstone Poky, LLC v. First Pocatello Assocs., L.P.*, No. 4:16-CV-00316, 2020 WL 5790385, at *2 (D. Idaho Sept. 28, 2020). When provided for by statute, Idaho courts "may award reasonable attorney fees, including paralegal fees, to the prevailing party or parties" in a civil action. I.R.C.P. 54(e)(1). Under Idaho law, the prevailing party in a civil action involving recovery on a commercial transaction "shall be allowed a reasonable attorney's fee to be set by the court." I.C. § 12-120(3).

---

[1] Bransford did not object to Zubillaga's costs. *See* Dist. Idaho Loc. Civ. R. 54.1(a)(2). Consequently, the Clerk awarded Zubillaga costs in the amount of $2,987.26 on January 4, 2024. (Dkt. 54). Therefore, the Court declines to award Zubillaga costs in resolving the instant motion.

## III. ANALYSIS

Zubillaga seeks an award of attorney fees under either: (1) the attorney fees provision in the third-party offer, (2) the attorney fees provision in the 2013 Purchase and Sale Agreement, or (3) under Idaho Code § 12-120(3). (Dkt. 50). In response, Bransford contends Zubillaga is not entitled to attorney fees under the third-party offer or the 2013 Purchase and Sale Agreement. (Dkt. 55). While Bransford does not dispute the applicability of I.C. § 12-120(3) generally, she does challenge whether Zubillaga is the prevailing party and whether the fees Zubillaga seeks are reasonable. (Dkt. 55). Bransford does not, however, challenge the reasonableness of the hourly fee set by Zubillaga's counsel, Mr. Copple. (*See* Dkt. 55).

### A. Zubillaga's Entitlement to Attorney Fees

As noted, Zubillaga argues he may recover under the attorney fees provision in the parties' original land sale contract from 2013, the attorney fees provision in the third-party Offer, and under I.C. § 12-120(3). (Dkt. 50 at p. 3). Regardless of which is applied, the contract provisions and I.C. § 12-120(3) all provide for an award of attorney fees to the prevailing party. Bransford contests application of the contract provisions but does not contest application of I.C. § 12-120(3). Accordingly, the Court will analyze Zubillaga's motion under Idaho Code § 12-120(3). *See* I.R.C.P. 54(e)(1).

Before awarding attorney fees, the Court must first, in its discretion, determine whether Zubillaga is a "prevailing party." I.R.C.P. 54(e)(1); *see City of Middleton v. Coleman Homes, LLC*, 418 P.3d 1225, 1231 (Idaho 2018). When determining whether a party prevailed, the court should consider "(1) the final judgment or result obtained in relation to the relief sought; (2) whether there were multiple claims or issues between the parties; and (3) the extent to which each of the parties prevailed on each of the claims or issues." *Nguyen v. Bui*, 191 P.3d 1107, 1112 (Idaho Ct. App.

2008). "[T]he prevailing party determination is based on the action as a whole. The question is not to be examined claim-by-claim." *City of Middleton*, 418 P.3d at 1232 (internal citations omitted).

On the whole, Zubillaga is a prevailing party. In his motion for summary judgment, Zubillaga specifically sought specific performance. (*See* Dkt. 19). Ultimately, this Court entered judgment in Zubillaga's favor for specific performance of the agreement. (Dkt. 48). As the prevailing party, Zubillaga is entitled to an award of reasonable attorney fees.

**B. Amount of the Fee Award**

The Court exercises its discretion in determining the reasonableness of an attorney fee award. *Burns Concrete, Inc. v. Teton Cnty.*, 483 P.3d 985, 1005 (Idaho 2020). In assessing reasonableness, the Court considers the following factors:

> (A) the time and labor required;
> (B) the novelty and difficulty of the questions;
> (C) the skill requisite to perform the legal service properly and the experience and ability of the attorney in the particular field of law;
> (D) the prevailing charges for like work;
> (E) whether the fee is fixed or contingent;
> (F) the time limitations imposed by the client or the circumstances of the case;
> (G) the amount involved and the results obtained;
> (H) the undesirability of the case;
> (I) the nature and length of the professional relationship with the client;
> (J) awards in similar cases;
> (K) the reasonable cost of automated legal research (Computer Assisted Legal Research), if the court finds it was reasonably necessary in preparing a party's case;
> (L) any other factor which the court deems appropriate in the particular case.

I.R.C.P. 54(e)(3). The Ninth Circuit has adopted similar factors for determining the reasonableness of attorney fees. *E.g.*, *Chalmers v. City of Los Angeles*, 796 F.2d 1205, 1213 (9th Cir. 1986), *opinion amended on denial of reh'g*, 808 F.2d 1373 (9th Cir. 1987).

While the Court must consider all of the factors, it need not address every factor in writing, so long as the record clearly demonstrates all factors were reviewed. *Thomas v. Thomas*, 249 P.3d

829, 839 (Idaho 2011). Additionally, the Court must not allow any one factor to carry "undue weight or emphasis." *Yellowstone Poky, LLC*, 2020 WL 5790385, at *3 (citing *Nalen v. Jenkins*, 763 P.2d 1081, 1083 (Idaho Ct. App. 1998)). The Court has reviewed the attorney fees sought in light of the Rule 54(e)(3) factors and will address those factors specific to Bransford's objections.

**1. Attorney Fees Prior to Breach**

Bransford contests the reasonableness of awarding attorney fees incurred prior to breach of the FROR, specifically those fees incurred between January 30 and April 21, 2022. (Dkt. 55 at pp. 4-5; *see* Dkt. 51-1 at pp. 2-5). During this time, Zubillaga conferred with Mr. Copple regarding Bransford's plan to sell the property, including if, how, and when Zubillaga should execute his rights under the FROR. (Dkt. 51-1 at pp. 2-5). Bransford also challenges Zubillaga's inclusion of attorney fees related to Mr. Copple's review of the appraisal of the property and his counsel as to whether Zubillaga should exercise his right in light of the appraisal. (Dkt. 55 at p. 5; *see* Dkt. 51-1 at p. 4).

The Court agrees with Bransford. Had it not been for Bransford attempting to revoke her offer on April 21, Zubillaga would have nonetheless incurred and been accountable for these attorney fees in exercising his right and would not have been otherwise entitled to recover these fees from Bransford. Moreover, this Court previously held Zubillaga could not recover due diligence costs against Bransford. (Dkt. 47 at p. 11). Mr. Copple's review of the appraisal and advice about whether to proceed with purchase based on appraisal, for example, are due diligence activities, and the Court again declines to permit Zubillaga to recover for those activities where Zubillaga obtained specific performance. Finding these fees unreasonable, the Court reduces the requested award amount by $7,875.00.

**2. Attorney Fees After Filing Suit**

Next, Bransford contests the reasonableness of three specific billing claims: (1) researching whether to file suit in federal court, (2) drafting a claim for money damages, and (3) discussing with Zubillaga whether Bransford's counsel should be disqualified. (Dkt. 55 at p. 6; *see* Dkt. 51-1 at pp. 6, 26, 28). The Court has reviewed these claims and disagrees with Bransford.

Regarding time billed for researching whether to file in federal court, Bransford argues that state district courts have jurisdiction for real property disputes and that Zubillaga should not be awarded fees for determining whether he could file suit in federal court. (Dkt. 55 at p. 6). While the question of filing in federal court is not itself novel, each case requires analysis of venue given its specific facts and circumstances. The Court declines to find this claim unreasonable.

Next, Bransford argues that because the claim for monetary damages was rejected by the Court, recovery of attorney fees billed related to that claim should also be disallowed. (*See* Dkt. 55 at p. 6). That Zubillaga did not recover monetary damages, standing alone, is not sufficient to also bar his recovery of related attorney fees, where his request for monetary damages was not made in bad faith. *See Boel v. Stewart Title Guar. Co.*, 43 P.3d 768, 775 (Idaho 2002) ("The amount of attorney fees need not be proportional to the amount of damages awarded.") (internal citations omitted). Therefore, the Court finds these attorney fees reasonable.

Lastly, Bransford argues time billed for discussing disqualification of Bransford's counsel is unreasonable because no "valid basis" existed to disqualify. (Dkt. 55 at p. 6). The billing entry in question includes more than Mr. Copple discussing disqualification of opposing counsel with Zubillaga. (Dkt. 51-1 at p. 28). The entry also includes discussion of depositions, a telephone call with Bransford's counsel about discovery issues and disqualification, and a review of

correspondence. (*Id.*). Considering all activities were completed in just 1.2 hours, the Court finds the fees reasonable.

**3. Attorney Fees After Judgment**

Finally, Bransford contests the reasonableness of the hours billed for preparing Zubillaga's motion for attorney fees. (Dkt. 55 at p. 7; *see* Dkt. 51-1 at pp. 35-37). Specifically, Bransford argues billing over twenty-five hours to prepare the motion is "excessive and unreasonable" and contends the hours should be reduced to "no more than ten." (Dkt. 55 at pp. 7-8).

The Court generally agrees with Bransford. Zubillaga's motion for attorney fees and supporting brief are both short documents containing rote legal standards and minimal argument. Substantial portions of Zubillaga's brief are block quotes, indicating counsel heavily relied on cutting and pasting to draft the brief. These filings should have demanded little of counsel's time. *See Welch v. Metro. Life Ins. Co.*, 480 F.3d 942, 950 (9th Cir. 2007) (affirming reduction of hours where motion for attorney fees contained boilerplate language recycled from other filings). The Court concludes the hours billed should be reduced to ten hours. The Court, however, also notes one entry for 3.8 hours includes activities beyond preparing the motion for attorney fees, including a telephone conference with opposing counsel and correspondence with Zubillaga. (Dkt. 51-1 at p. 36). The Court finds that entry reasonable and does not include it in reducing the hours billed to ten hours for preparation of the motion. As such, the total fee for hours billed between December 10 and December 20, 2023, is reduced from $8,659.50 to $4,761.00.

## IV. ORDER

**IT IS ORDERED:**

1. Plaintiff's Motion for Attorneys' Fees and Costs (Dkt. 49) is **GRANTED in part** and **DENIED in part.** The Court awards Plaintiff $88,878.00 in attorney fees.

DATED: March 14, 2024

Amanda K. Brailsford
U.S. District Court Judge